IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2011

## ROGER JOSEPH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. 01-010    Amy Armstrong Reedy, Judge**

---

**No.  E2010-01891-CCA-R3-PC - Filed January 23, 2012**

---

On April 25, 2001, Petitioner, Roger Joseph, pled guilty to first degree murder.  The Bradley County Criminal Court sentenced him to life in prison with possibility of parole.  Petitioner filed a pro se petition for post-conviction relief on February 17, 2010.  On February 28, 2010, the post-conviction court summarily dismissed the petition for being untimely and because Petitioner had filed a previous petition.  On appeal, Petitioner argues that he was taking various psychiatric medications at the time he entered his guilty plea and, therefore, his plea was not entered voluntarily.  He also argues that trial counsel was ineffective because he knew Petitioner was taking medication.  Because Petitioner has shown no due process violation or other reason for tolling the statute of limitations, we conclude that the post-conviction court properly dismissed the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Roger Joseph, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Steven Bebb, District Attorney General; and Joe Hoffer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

The Bradley County Grand Jury indicted Petitioner for one count of first degree premeditated murder and one count of aggravated assault.  Petitioner entered a guilty plea

to first degree murder on April 25, 2001. The trial court sentenced Petitioner to life in prison with the possibility of parole. The aggravated assault charge was dismissed.

On February 17, 2010, Petitioner filed a pro se petition for post-conviction relief. In that petition he argued that even though the one-year statute of limitations had passed, his claim should not be barred because his attorney knew he was on medication during his guilty plea and that his counsel was ineffective. The post-conviction court summarily dismissed the petition on February 28, 2010. The post-conviction court stated the following:

> A review of the petition shows the petition is not completely filled in as to date of conviction, time of conviction, et cetera, and further that the petition indicates no prior post-conviction relief petitions have been filed.
>
> A search of the court records pertaining to petitioner will reveal prior petitions for post-conviction relief which have been resolved on the merits by a court of competent jurisdiction, and further that this petition is filed well outside the time frame for post-conviction relief.

On June 2, 2010, Petitioner filed an untimely notice of appeal.

## ANALYSIS

Initially, we address the fact that Petitioner's notice of appeal was untimely. "In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a) The post-conviction court filed its dismissal of the petition on February 28, 2010. Petitioner filed his notice of appeal on May 26, 2010, roughly three months after the post-conviction court's final action. This is well outside the thirty days called for in the statute. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *See id.* In the case at hand, there is a hand-written note that Petitioner did not receive the court's order until May 24, 2010, and he attached a copy of the envelope from the court stamped received on that date. Based on these facts, we have decided that it is in the interest of justice to waive the timely filing of the notice of appeal.

On appeal, Petitioner argues that the post-conviction court erred in summarily dismissing his petition. The State argues that the post-conviction court did not err because

the petition was untimely and the claims raised in the petition had been addressed in previous proceedings.

Under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction court properly determined that the petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. Petitioner pled guilty to first degree murder and was sentenced to life imprisonment on April 25, 2001. Petitioner did not appeal.

In his petition, Petitioner argued that he has been heavily medicated due to his mental situation and, therefore, his plea was entered involuntarily and trial counsel was ineffective because he knew Petitioner was taking the medication at the time. The situation alleged by Petitioner does not fall within one of the above-listed exceptions to the rule requiring petitions of post-conviction relief to be filed within one year.

However, in addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

*Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), is the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), analyzing when due process limitations toll the statute of limitations. In *Burford*, the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition. 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Id.* at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken"-or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations

occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301 (footnote omitted). However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.* In other words, *Williams* "appears to limit claims of attorney misrepresentation tolling the statute of limitations to times when counsel has made misrepresentations directly related to filing a defendant's appeal." *Crawford v. State*, 151 S.W.3d 179, 184 (Tenn. Crim. App. 2004).

In this line of cases, the court focused on the fact that the petitioner's grounds for relief arose after the one year statute for filing their petition for post-conviction relief had passed. In the case at hand, Petitioner is arguing that the medication he was taking at the time he entered his guilty plea and in later years prevented him from making a sound decision. This does not constitute a later-arising situation.

In addition, in *State v. Nix*, 40 S.W.3d 463 (Tenn. 2001), our supreme court stated that due process considerations may require that tolling of the statute of limitations if a petitioner demonstrates "that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." 40 S.W.3d at 463. The court went on to state that a petitioner must include sufficient factual allegations to support his claim of incompetency. *Id.* at 464. To make a prima facie showing so that the statute of limitations may be tolled, "a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tennessee Code Annotated section 40-30-206(b) & (f)." *Id.*

In his petition, Petitioner states that at the time he entered his guilty plea he was taking four different medications for his mental issues. He also states that he was not competent to stand trial. However, he has made no specific factual allegations that following his conviction in 2001, he was unable to manage his personal affairs until 2010. He has not met the requirements set out in *Nix* in order to toll the statute of limitations. Therefore, the post-conviction court correctly determined that his petition was untimely.

Moreover, the post-conviction court stated in its order dismissing the petition that Petitioner had filed a previous petition for post-conviction relief. Petitioner admits this fact in his brief. The Post-Conviction Procedure Act specifically provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). It appears that Petitioner has filed a previous petition and, this fact is another basis for summary dismissal.

## CONCLUSION

For the foregoing reasons, we conclude that the post-conviction court did not err in summarily dismissing the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE